UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RANDI ROUSSEAU,<br>　　　Plaintiff<br><br>v.<br><br>CLARK UNIVERSITY and<br>LAURA A. ROBINSON,<br>　　　Defendants | Civil Action No. 4:22-cv-40118<br><br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

## INTRODUCTION

The Plaintiff, Randi Rousseau, alleges that the Defendants, Clark University and Laura A. Robinson, terminated her employment of 18 ½ years as a university librarian in retaliation for exercising her substantive rights to medical leave in violation of the federal Family and Medical Leave Act, ("FMLA") 29 U.S.C. § 2601 *et seq.,* the Massachusetts Family and Medical Leave Act, ("MFMLA") M.G.L. c. 175M, and the Massachusetts Earned Sick Time Act, M.G.L. c. 149 § 148C.

## PARTIES

1. The Plaintiff, Randi Rousseau, is a natural person with a last and usual residence at 29 Brookside Avenue, Webster, Worcester County, Commonwealth of Massachusetts.

2. The Defendant, Clark University, is a private university with a usual place of business at 950 Main Street, Worcester, Worcester County, Commonwealth of Massachusetts.

3. The Defendant, Laura Robinson, is a natural person with a last and usual residence at 18 Cottage Street, Spencer, Worcester County, Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

4. Federal question jurisdiction is invoked in this matter under 29 U.S.C. § 2601.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b), as the events giving rise to all claims occurred in the District of Massachusetts.

## FACTS

6. Ms. Rousseau was hired as a Cataloging Librarian by Clark in 2003.  See **Exhibit A** (October 31, 2003 Offer Letter).

7. In 2012, Ms. Rousseau was promoted to the position of Head of Cataloging. See **Exhibit B** (May 25, 2012 Promotion Letter).

8. Ms. Rousseau received positive performance reviews in this role between 2013 and 2019 with overall rankings of "Commendable" or "Satisfactory." See **Exhibit C** (Performance Reviews).

9. Ms. Rousseau also served as acting Head of Collections (in additional to Head of Cataloging) for several months during the 2019-2020 academic year.  See **Exhibit D** (October 24, 2019 Appointment Letter).

10. In 2020, Laura Robinson was hired as University Librarian.

11. Ms. Rousseau's personnel file does not contain any performance reviews for her final three years of employment at Clark under Ms. Robinson's supervision.

12. Since Ms. Robinson's hiring, Ms. Rousseau has undergone three major surgeries requiring use of medical leave: reconstruction of her right rotator cuff (June 2020); breast reduction (August-September 2021); and abdominoplasty (December 2021 – February 2022).  See **Exhibit E** (FMLA forms and return to work letters).

13. Ms. Rousseau met all statutory requirements for the use of medical leave under the FMLA with respect to these three surgeries and their required periods of convalescence.  Ms. Rousseau met all statutory requirements for the use of medical leave under the MFMLA

(which became available for use on January 1, 2021) with respect to the latter two surgeries and their required periods of convalescence.

14. Ms. Rousseau was also forced to use intermittent family medical leave between November of 2018 and May of 2019 in order to care for her husband after his liver transplant.

15. Ms. Robinson first raised alleged issues with Ms. Rousseau's job performance shortly after learning of Ms. Rousseau's need for medical leave in December of 2021, issuing her a written warning at this time for seemingly trivial issues, including alleged dress code violations that had never been previously brought to Ms. Rousseau's attention, (i.e. wearing jeans and sneakers in the office) as well as a harmless interview question asked by Ms. Rousseau to an internal candidate (that is, whether the candidate would feel comfortable supervising her former supervisor).

16. Ms. Robinson subsequently reversed her prohibition against wearing jeans and sneakers to the office.

17. Ms. Rousseau's personnel file does not contain a copy of her December 2021 written warning despite the fact that this document clearly falls within the definition of "personnel file" set forth in M.G.L. c. 149 § 52C.

18. During the middle of Ms. Rousseau's subsequent leave in January of 2022, Ms. Robinson demoted Ms. Rousseau to the position of "Cataloging and Metadata Librarian" and stripped her of her supervisory responsibilities. See **Exhibit F** (Personnel Action Form).

19. Ms. Rousseau was required to attend approximately 10 medical appointments between the end of her medical leave in February of 2022 and the date of her eventual termination in June of 2022.

20. Ms. Rousseau possessed an adequate amount of earned sick time to cover these appointments and did not require the use of any unpaid leaves of absence.

21. Ms. Robinson's treatment of Ms. Rousseau throughout this time was distant and cold.

22. Ms. Rousseau's employment with Clark was terminated effective June 17, 2022, pursuant to a Termination Letter dated June 13, 2022. See **Exhibit G**.

23. The performance issues raised in Ms. Rousseau's Termination Letter were not previously brought to Ms. Rousseau's attention as issues worthy of discipline, let alone termination. Indeed, none of the issues discussed in Ms. Rousseau's Termination Letter were raised within Ms. Robinson's December 2021 written warning.

24. As a result of the defendants' actions, Ms. Rousseau is left without gainful employment as a specialist in a field with few available job opportunities (let alone full-time opportunities offering comparable wages and benefits) as well as an undeserved black mark hanging over the reputation she built at Clark over the past 18 ½ years.

**COUNT I**
**v. Clark University and Laura A. Robinson:**
**DISCRIMINATION AGAINST/RETALIATION FOR THE EXERCISE OF RIGHTS AFFORDED UNDER THE FAMILY AND MEDICAL LEAVE ACT**
**[29 U.S.C. § 2601 *et seq.*]**

25. The plaintiff restates the allegations contained in Paragraphs 1 – 24 above and incorporates them by reference herein.

26. The defendants are "employers" under the FMLA, 29 U.S.C. § 2611(4), and subject to its provisions.

27. At all relevant times, the plaintiff was an "eligible employee" under the FMLA, 29 U.S.C. § 2611(2), and subject to its protections.

28. The plaintiff applied for and was approved for medical leave under 29 U.S.C. § 2601 *et seq.* on one or more occasions since the hiring of her supervisor, defendant Laura A. Robinson.

29. The defendants had a duty to refrain from discriminating and retaliating against the plaintiff in response to her exercise or anticipated exercise of rights under 29 U.S.C. § 2601 *et seq.*

30. The defendants discriminated and retaliated against the plaintiff because of her exercise of rights under the FMLA by demoting the plaintiff and stripping her of supervisory responsibilities during her protected leave, and by terminating the plaintiff approximately four months after the end of her protected leave based on pretextual issues concerning her job performance.

31. The defendants' conduct, as more particularly set forth above, was willful, knowing and intentional.

32. The defendants' conduct, as more particularly set forth above, was intended to and did harm the plaintiff.

## COUNT II
### v. Clark University and Laura A. Robinson:
### INTERFERENCE WITH USE OF FAMILY MEDICAL LEAVE
### [29 U.S.C. § 2601 *et seq.*]

33. The plaintiff restates the allegations contained in Paragraphs 1-32 above and incorporates them by reference herein.

34. The defendants are "employers" under the FMLA, 29 U.S.C. § 2611(4), and subject to its provisions.

35. At all relevant times, the plaintiff was an "eligible employee" under the FMLA, 29 U.S.C. § 2611(2), and subject to its protections.

36. The plaintiff applied for and was approved for medical leave under 29 U.S.C. § 2601 *et seq.* on one or more occasions since the hiring of her supervisor, defendant Laura A. Robinson.

37. The defendants had a duty to refrain from interfering with, restraining and/or denying the plaintiff's exercise or anticipated exercise of rights under 29 U.S.C. § 2601 *et seq.*

38. The defendants interfered with the plaintiff's exercise of rights under the FMLA by demoting the plaintiff and stripping her of her supervisory responsibilities in the middle of her approved leave, in violation of 29 U.S.C. §§ 2614 and 2615.

39. The defendants' conduct, as more particularly set forth above, was willful, knowing and intentional.

40. The defendants' conduct, as more particularly set forth above, was intended to and did cause harm to the Plaintiff.

### COUNT III
### v. Clark University:
### VIOLATION OF M.G.L. CHAPTER 175M § 2(e)

41. The plaintiff restates the allegations contained in Paragraphs 1-40 above and incorporates them by reference herein.

42. The plaintiff applied for and was approved for medical leave as defined under M.G.L. c. 175M *et seq.* on one or more occasions since the hiring of her supervisor, defendant Laura A Robinson.

43. Under M.G.L. c. 175M § 2(e), the plaintiff was entitled to be restored to her previous position or to an equivalent position, with the same status, pay, employment benefits, length-of-service credit and seniority as of the date that her leave began.

44. The defendant failed to restore the plaintiff to her previous position upon the completion of her medical leave.

45. As a result of the defendant's actions, the plaintiff has suffered compensatory damages.

### COUNT IV
### v. Clark University:
### VIOLATION OF M.G.L. CHAPTER 175M § 9(a)

46. The plaintiff restates the allegations contained in Paragraphs 1 – 45 above and incorporates them by reference herein.

47. The plaintiff applied and was approved for medical leave as defined under M.G.L. c. 175M *et seq.* from August-September 2021 for breast reduction, and from December 2021-February 2022 for an abdominoplasty.

48. The defendant demoted the plaintiff and stripped her of her supervisory responsibilities during her medical leave, and subsequently terminated the plaintiff in retaliation for the plaintiff's exercise of rights under M.G.L. Chapter 175M.

49. As a result of the defendant's actions, the plaintiff has suffered compensatory damages.

### COUNT V
### v. Clark University:
### VIOLATION OF M.G.L. CHAPTER 149 §§ 148C, 150

50. The plaintiff restates the allegations contained in paragraphs 1-49 above and incorporates them by reference herein.

51. At all relevant times, the defendant was an employer under M.G.L. Chapter 149 § 148C(a), and subject to its provisions.

52. At all relevant times, the plaintiff was an employee under M.G.L. Chapter 149 § 148C(a), and entitled to its protections.

53. At all relevant times during her employment with the defendant, the plaintiff accrued earned sick time.

54. The defendant had a duty not to interfere with, restrain or deny the exercise of rights under M.G.L. Chapter 149 § 148C, including, but not limited to, considering the use of earned sick time as a negative factor in any employment action.

55. The defendant unlawfully considered the plaintiff's use of paid sick time as a negative factor in determining to terminate the plaintiff in violation of M.G.L. Chapter 149 § 148C.

56. As a result of the defendant's conduct, the plaintiff has suffered compensatory damages.

57. The Plaintiff has exhausted all administrative remedies required to bring this action and has been authorized by the Office of the Attorney General of Massachusetts to pursue this private action for unpaid wages. See **Exhibit H.**

## REQUEST FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter a final judgment in her favor under Counts I-V of the Complaint for:

(1) The value of lost wages and benefits caused by the Defendants' unlawful acts;

(2) An equitable front pay award;

(3) Liquidated damages in an amount equal to the value of lost wages and benefits awarded under Counts I & II;

(4) Treble damages under Counts III, IV & V pursuant to M.G.L. c. 149 § 150 and c. 175M § 9;

(5) Pre- and post-judgment interest;

(6) Costs and reasonable attorney's fees, and;

(7) Such other relief as this Court deems fair and equitable.

## THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL TRIABLE ISSUES.

RESPECTFULLY SUBMITTED,
RANDI ROUSSEAU
By Her Attorney,

/s/ Ryan P. Avery

_____

Ryan P. Avery, Esq., BBO#679233
MIRAGEAS & AVERY
221 East Main Street, Suite 202
Milford, MA 01757
Tel: (508) 381-0499
ravery@mirageas.com

October 19, 2022